**Julie WEST, Plaintiff, Appellant,**

**v.**

**SEARS ROEBUCK & CO., et al.,
Defendants, Appellees.**

No. 85–1242.

United States Court of Appeals,
First Circuit.

Argued Nov. 14, 1985.

Decided Jan. 2, 1986.

Mark F. Itzkowitz with whom Carmen L. Durso, C. Deborah Phillips and Marullo & Barnes, Boston, Mass., were on brief, for plaintiff, appellant.

Robert L. Athas with whom Flash & Athas, Boston, Mass., was on brief, for defendants, appellees.

Before COFFIN and BREYER, Circuit Judges, and WYZANSKI,* Senior District Judge.

WYZANSKI, Senior District Judge.

In this tort action, admittedly governed by the law of Massachusetts, brought in the district court pursuant to its uncontested diversity jurisdiction, the plaintiff-appellant, Julie West, complained that the injuries she sustained when a piece of metal pipe struck her foot on May 21, 1978, were caused by the negligence of AMF, Inc., which manufactured at an uncertain date the AMF Model 902031 power rotary lawn mower which on May 21, 1978 picked up the pipe from an area of her garden where there was a patch of high unmowed grass and discharged the pipe on her foot, and by the negligence of Sears, Roebuck & Co. which on May 13, 1978 had lent her the aforesaid machine temporarily to replace a machine which Sears had previously sold her and which was under repair by Sears.

It is not suggested that the metal pipe was a part of the machine or was an article of the type the lawnmower could reasonably be expected to pick up on a lawn during mowing; nor was there any evidence that any of the parties knew of, or had reason to anticipate the presence of, the pipe before it injured Miss West's foot.

What Miss West claimed was that the machine lent to her was defective in two aspects of its design: to wit, that the shutoff switch was not firmly attached, and that the rear skirt guard was defective because it was made of plastic rather than of metal.

There was uncontradicted evidence that those design defects were known generally and even to the defendant for decades, perhaps as early as the 1920's. But it was not clear that any additional knowledge of the defects was acquired by AMF, Inc. after it manufactured this particular machine or by Sears, Roebuck after it lent this machine to the plaintiff on May 13, 1978 and the time when the plaintiff sustained injury on May 21, 1978.

However, there was no evidence that if those defects had not existed and Sears had lent Miss West a defect-free lawnmower the unforeseen metal pipe would have been deflected in its passage from its concealed place in the unmowed high grass to the point where it struck Miss West's foot.

The district judge gave an extended charge, which apparently he had taped for the jury. Therein he gave what may best be characterized as the customary Massachusetts trial judge's ambulatory charge rambling over the broad areas of duty, standard of care, breach, causation, and damages—the unfortunately familiar set of passable generalizations not likely to lead to an appellate reversal. Plaintiff's counsel specifically objected only to the judge's failure to give requested instruction 23, which, as is proved by its introductory paragraph and its citation of *doCanto v. Ametek, Inc.*, 367 Mass. 776, 328 N.E.2d 873 (1975), was directed at "dangers of which the manufacturer ... learned *after* the sale or loan of the product." (Emphasis added.)

The judge submitted the case to the jury not for a general verdict but for answers to particular questions. We need here recite only that the jury answered "no" to question 6, "Was the manufacturer of the mower negligent in the design of the 'starting clip'?" and answered "no" to question 7, "Was the manufacturer of the mower negligent in the design of the rear skirt?" and answered "no" to question 16, "Was negligent design of the mower causally related to plaintiff's injury?"

Upon the basis of those and other answers, the judge entered judgment for the defendants. The plaintiff moved for a new trial. The court denied the motion. This appeal followed.

* Of the District of Massachusetts, sitting by designation.

The appellant's first contention is that "the trial court erred by not clearly instructing the jury as to the defendants' continuing duty to warn the plaintiff of any deficiencies existing in the AMF Model 902031 lawnmower discovered subsequent to the manufacture of the lawnmower but prior to the date of the plaintiff's injury." That contention is plainly bottomed on the assumption that there was evidence that defects were discovered *after* this particular machine was manufactured (or in the case of the retailer Sears, after this particular machine was lent to the plaintiff) which were not known to the manufacturer (or Sears) at earlier dates. The plaintiff has not with particularity called our attention to that evidence, if it existed and if it was actually offered in court. Therefore, we hold that there was no merit in the plaintiff's exception to the trial judge's charge.

Insofar as the plaintiff seeks reversal of the judgment because she contends that the evidence requires a finding in her favor, we are of the opinion that she is mistaken. The jury could reasonably have believed that even if the machine were defective in the two respects complained of, these defects were not the cause of the injury she sustained.

If the switch was carelessly attached to the machine, when it fell off, even though this may have caused the machine to continue operating and led the plaintiff to seek a quick way of stopping it by some method other than the switch, the jury could reasonably have believed that the plaintiff by choosing to drive the machine into thick, unmowed grass where unknown objects might lurk, was herself careless, and that it was her negligence in choosing that course which was the sole, as it used to be said, proximate or legal cause of her injury.

As to the plaintiff's complaint that the skirt guard on the machine was defective because it was made of plastic rather than metal, we are of the opinion that the jury could reasonably believe that no matter of what material the skirt guard had been constructed, there was no reason for the designer to plan the skirt guard to protect the person mowing the lawn against the consequences of her having picked up a metal pipe. Lawn mowers are not designed to be hand-operated excavators.

*Affirmed.*